PER CURIAM.
Appellant seeks reversal of (1) a final judgment determining that it is not entitled to recover a real estate broker’s commission and (2) a post judgment order allowing appellee attorney’s fees.
We have considered all of appellant’s contentions and suggestions of error and hold that no reversible error was committed relative to the merits of the case as reflected in the final judgment.
Appellant also asserts that the trial court lacked jurisdiction to enter the post judgment order on attorney’s fees. A contract between the parties provided for attorney’s fees for the prevailing party in litigation to enforce the terms of said contract. The appellee was the prevailing party but the question of attorney’s fees was not determined at trial because counsel agreed that the right to attorney’s fees and the amount thereof would be determined after final judgment. Within ten days of the final judgment, the appellee filed a motion outlining the agreement of counsel to litigate attorney’s fees on a post judgment basis and requesting that the court assess attorney’s fees in favor of the prevailing party. Also within ten days of the final judgment, appellant filed a motion for rehearing contesting the court’s final judgment in favor of appellee. Under these circumstances, we conclude that the trial court was possessed of jurisdiction to rule on the issue of attorney’s fees.
Accordingly, we hold that the contract between the parties providing for attorney’s fees to the prevailing party was a viable contract for attorney’s fees in this litigation even though appellant has not prevailed on its claim for a broker’s commission. We affirm the judgment below.
AFFIRMED.
DOWNEY and BERANEK, JJ., and GARRETT, EUGENE S., Associate Judge, concur.